IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| GERARDO MEDINA IZAGUIRRE, | § § § | |
| *Plaintiff,* | § § | |
| VS. | § § | CIVIL ACTION NO. 3:21-CV-148 |
| FEDEX GROUND PACKAGE SYSTEM, INC. and WEN ZHANG, | § § § § | |
| *Defendants.* | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Gerardo Medina Izaguirre, and files this his Original Complaint against Defendants FedEx Ground Package System, Inc. and Wen Zhang, and in support thereof, would respectfully show this Court as follows:

## I.
## PARTIES

1. Plaintiff Gerardo Medina Izaguirre is an individual residing in Wimauma, Hillsborough County, Florida.

2. Defendant FedEx Ground Package System, Inc. (hereinafter referred to as "FedEx") is a corporation licensed and/or registered to do business in the State of Texas, with its principal office located at 1000 FedEx Drive, Moon Towns, Pennsylvania 15108, and may be served through its registered agent CT Corp System, 1999 Bryan St., Ste. 900 Dallas, Texas 75201-3136.

3. Defendant Wen Zhang (hereinafter referred to as "Zhang") is a resident of the State

of California, and was at all relevant times, an employee working for and under the control of the Defendant FedEx Ground Package System, Inc., and was the operator of the subject tractor-trailer owned by and registered to Defendant FedEx Ground Package System, Inc. Defendant Zhang may be served as his residence located at 206 N. Orange Ave., West Covina, Orange County, California 91790.

## II.
## VENUE AND JURISDICTION

4. Plaintiff seeks monetary relief over $1,000,000.000. The Court has jurisdiction over the lawsuit because the amount in controversy exceeds the Court's minimum jurisdictional requirements.

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1132, because this claim is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6. Venue is proper in the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims alleged herein occurred in the Western District of Texas – El Paso Division. Because venue is proper in the Western District of Texas, this suit is properly maintainable in the El Paso division of the Western District of Texas.

## III.
## FACTUL BACKGROUND

7. At approximately 5:30 a.m., on April 11, 2021, Plaintiff Gerardo Izaguirre Medina was operating a white Ford F-350 with Vin No. 1FT8W3DT2HED15632, towing a black Felling Trailers TL, and traveling eastbound in the right traffic lane on Interstate Highway 10, near mile marker 70, in Fort Hancock, Hudspeth County, Texas. At the same time, Defendant Zhang was

operating a commercial tractor-trailer described as a white Freightliner Cascadia 125 TT with Vin No. 3AKJGLD51GSGX5355, traveling eastbound in front of, and in the same traffic lane as Plaintiff. The subject trailer is described as a white Great Dane Trailer TT with Vin No. 1GRAA561XFB707267.

8. The subject tractor-trailer operated by Defendant Zhang and owned by and registered to Defendant FedEx was a "commercial motor vehicle," as that term is defined by 49 C.F.R. § 390.5. At all relevant times, Defendant Zhang was an employee of Defendant FedEx as that term is defined by 49 C.F.R. § 390.5.

9. The subject tractor-trailer, which was entrusted to and operated by Defendant FedEx's agent/servant/employee/representative, Defendant Zhang, blew out a tire and Defendant Zhang inexplicably decided to stop the subject tractor-trailer in the right lane of traffic instead of pulling into the shoulder lane, which created an extremely dangerous hazard to other vehicles on the road, including Plaintiff.

10. At the same time, Plaintiff was traveling in the right lane behind Defendant Zhang. Plaintiff was unaware of the dangerous hazards created by Defendants. As Plaintiff crossed over the top of a hill-crest on Interstate Highway 10, he did not have sufficient time or distance to react and was unable to avoid the collision with Defendants' tractor-trailer.

11. As a result of the collision, Plaintiff suffered severe and debilitating injuries, including but not limited to severe conscious pain and suffering, and significant physical and emotional distress. Defendant FedEx's negligence and gross negligence, and the negligence, gross negligence, and *negligence per se* of Defendant Zhang, for whom Defendant FedEx is vicariously liable, all as pleaded in detail below, were the proximate cause of Plaintiff's injuries.

## IV.
## CAUSES OF ACTION AGAINST DEFENDANT FEDEX GROUND SYSTEM, INC.

### A.     NEGLIGENCE

12.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

13.     Defendant FedEx was negligent. Defendant FedEx owed a duty to Plaintiff to use reasonable care while operating a vehicle under Defendant FedEx direct ownership and/or control.

14.     Defendant FedEx had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's damages were proximately caused by the Defendant FedEx's negligence, carelessness, and reckless disregard of its said duty.

15.     Defendant FedEx's negligence, carelessness, and reckless disregard of its duty consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

- a.     Defendant's driver failed to maintain a proper lookout;
- b.     Defendant's driver failed to drive an appropriate speed for the conditions;
- c.     Defendant's driver failed to control the speed of his vehicle;
- d.     defendant's driver failed to properly exercise control of his vehicle; and
- e.     Other negligent acts.

16.     Furthermore, Plaintiff would show that FedEx is directly liable for negligence in one or more of the following respects:

- a.     Failing to hire competent and qualified drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, to drive and operate its vehicles/trailers;
- b.     Failing to properly supervise its drivers, agents, employees, or other individuals

        acting on its behalf, including Defendant Zhang;

c.    Failing to properly train its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang;

d.    Failing to follow its own safety guidelines, policies, and procedures;

e.    Failing to supervise and properly instruct its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, to safely navigate the roads of Texas and follow the safety laws in place at the time of the collision;

f.    Failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang;

g.    Failing to ensure that its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, had the requisite amount of experience to operate a company vehicle;

h.    Failing to stop its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, from operating company vehicles in an unsafe manner and failing to instruct stop its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the collision;

i.    Failing to ensure a competent, adequately trained, and experienced drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, was operating the subject tractor-trailer prior to and on the date of the collision;

j.    Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang;

k.    Failure to comply with state and/or federal regulations;

l.    Failure to properly audit the logs of its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang;

m.    Failure to utilize available information to properly monitor its drivers, agents, employees, or other individuals acting on its behalf, including Defendant Zhang, for compliance with company policies and/or state and/or federal regulations;

n.    Failing to warn oncoming traffic of the presence of the disabled tractor-trailer in the interstate roadway;

  o. Failing to remove the disabled vehicle from the interstate highway; and

  p. Failing to exercise extreme caution in the operation of a commercial motor vehicle when there existed hazardous conditions.

17. Each of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and damages complained of herein.

## B. GROSS NEGLIGENCE

18. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

19. Plaintiff would show the Court and Jury that the conduct of FedEx described herein constitutes gross negligence as defined in Texas Civil Practice and Remedies Code §41.011(11)(A)-(B). FedEx is liable to Plaintiff for gross negligence—to wit:

  a. Defendant FedEx consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendant's actions and/or inactions and Defendant FedEx should be liable in punitive and exemplary damages to Plaintiff; and

  b. Defendant FedEx's actions or inactions directly and proximately caused injury to Plaintiff, which resulted in the damages detailed below.

20. Defendant FedEx's grossly negligent conduct proximately caused Plaintiff's injuries. As a result of such gross negligence of Defendant FedEx, Plaintiff is entitled to exemplary damages.

## C. NEGLIGENT ENTRUSTMENT

21. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

22. Plaintiff would show that Defendant FedEx is liable for negligent entrustment for

providing and entrusting a reckless and unfit driver with a dangerous instrumentality owned by and/or under the control of Defendant FedEx. Defendant FedEx owned the subject tractor operated by Defendant Zhang at the time of the subject incident. This tractor-trailer was negligently entrusted to Defendant Zhang; Defendant FedEx knew or should have known of Defendant Zhang's unfit, reckless, or incompetent driving abilities. As set forth in more detail below, Defendant Zhang, Defendant FedEx's employee, was negligent on the occasion in question, and this negligence proximately caused the collision and Plaintiff's injuries.

23. Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and the serious injuries and resulting damages complained of herein.

**D.    NEGLIGENT HIRING, SUPERVISION, TRAINING AND RETENTION**

24. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

25. Plaintiff would show that FedEx breached its duty to the public by failing to ascertain the qualifications and competence of their employees/agents, especially in light of Defendant Wen Zhang's engagement in an occupation that required skill and could be hazardous to others. Moreover, FedEx was willfully blind to available technology, data and video systems that would have shown Mr. Wen Zhang's driving to be reckless and dangerous. Therefore, Plaintiff would show that FedEx is liable for the negligent hiring, supervision, training, and retention of an incompetent and unfit employee/agent that, by the exercise of reasonable care in analyzing available data and video, or conducting a simple driving history, FedEx should have known to be incompetent and unfit, thereby creating an unreasonable risk of harm to others.

26. Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and the injuries and resulting damages complained of herein by the Plaintiff.

### E. NEGLIGENCE *PER SE*

27. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

28. The collision which resulted in Plaintiff's injuries and damages described herein, was the proximate consequence of the following acts and omissions of Defendant FedEx, and said acts and omissions as described below, constitutes negligence *per se*:

   a. Failure to regularly and systematically inspect, repair, and maintain vehicles under their control. (49 CFR §396.3);

   b. Operating a vehicle in a condition that might cause a collision or breakdown of the vehicle. (49 CFR 396.7);

   c. Failure to require and have a system in place to ensure that all commercial drivers complete an inspection of their vehicle at the end of each day's work. (49 CFR §396.11);

   d. Failure to review the previous day's report and ensure that the truck is in a good working condition. (49 CFR §396.13);

   e. Failure to ensure that only properly-qualified individuals are driving its trucks. (49 CFR § 383.37);

   f. Operating a commercial motor vehicle in violation of FMCSR Part 392.6 (49 CFR § 392.6);

   g. Operating a commercial motor vehicle in violation of FMCSR Part 392.14 (49 CFR § 392.14);

   h. Operating a commercial motor vehicle out of the lane of traffic when it was unsafe to do so in violation of TEX. TRANS. CODE § 545.060(a)(2);

   i. Failing to use due care and control the speed of the vehicle as necessary to avoid colliding with another vehicle that is on the highway in violation of TEX. TRANS. CODE § 545.351(b)(2);

    j. Driving the vehicle recklessly with willful and wanton disregard for the safety of person or property in violation of TEX. TRANS. CODE § 545.401;

    k. Failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code being negligence *per se* in violation of 49 C.F.R. § 392.2;

    l. Failing in the duty to demonstrate the skills required to operate a commercial motor vehicle as required by FMCSR 49 C.F.R. § 383.111;

    m. Failing to ensure that its employee in this case had the knowledge of and compliance with applicable regulations (49 C.F.R. § 390.3);

    n. Failing to ensure that its employee in this case observed appropriate regulations (49 C.F.R. § 390.11);

    o. Failing to properly instruct and/or ensure compliance with regulations by its employee in this case (49 C.F.R. § 392.1);

    p. Failing to ensure that its employee in this case operated the company vehicle in accordance with the applicable law (49 C.F.R. § 392.2);

    q. Aiding and abetting tortious conduct (49 C.F.R. § 390.13); and

    r. Operating a vehicle while in a condition likely to cause a collision in violation of 49 C.F.R. § 396.7.

29. At all times material to this cause of action, Plaintiff belonged to that class of persons for whom said statutes were enacted to protect. Plaintiff would also show that each one of the foregoing acts and/or omissions constituted negligence *per se*, and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the crash in question, and the injuries and damages suffered by Plaintiff as further described herein.

## V.
## CAUSES OF ACTION AGAINST DEFENDANT WEN ZHANG

### A. NEGLIGENCE

30. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

31. At the time and place in question, Defendant FedEx, by and through its statutory employee and/or permissive driver, Defendant Zhang, was negligent. Defendant Zhang owed a duty to Plaintiff to use reasonable care while operating a vehicle under Defendant Zhang's direct control.

32. Defendant Wen Zhang had a duty to exercise the degree of care that a reasonably prudent person would use to avoid harm to others under circumstance similar to those described herein. Plaintiff's serious injuries were proximately caused by Defendant Wen Zhang's negligence, carelessness, and reckless disregard of his duty.

33. Defendant Wen Zhang's negligence, carelessness, and reckless disregard of his duty consisted of the following acts and omissions, based on the information currently available to Plaintiff:

    a. Failing to warn oncoming traffic of the presence of the disabled tractor-trailer in the interstate roadway;

    b. Failing to remove the disabled vehicle from the interstate highway;

    c. Failing to exercise extreme caution in the operation of a commercial motor vehicle when there existed hazardous conditions;

    d. Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

    e. Failing to pay the degree of attention that a person using ordinary prudence would have used under the same or similar circumstances;

    f. Failing to exercise extreme caution in the operation of a commercial motor vehicle when there existed hazardous conditions;

    g. Failing to control the speed of his vehicle;

    h. Failing to properly exercise control of his vehicle;

    i. Failing to take evasive action as a person using ordinary care would have taken to avoid the collision;

      j.      Failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances; and

      k.      Other negligent acts.

34.     Each of these of these acts and omissions, singularly or in combination with others, constituted negligence and proximately caused the occurrence made the basis of this action, including the injuries and resulting damages complained of herein by Plaintiff.

**B.     GROSS NEGLIGENCE**

35.     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

36.     Plaintiff would show the Court and Jury that the conduct of Defendant Wen Zhang described herein, singly or in combination constitutes gross negligence as defined in Texas Civil Practice and Remedies Code § 41.001(11)(A)-(B). Defendants are liable to Plaintiff for gross negligence—to wit:

      a.      Defendant Wen Zhang consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendant Wen Zhang's actions and/or inactions and Defendant Wen Zhang should be held liable in punitive and exemplary damages to Plaintiff;

      b.      Defendant Wen Zhang's actions or inactions directly and proximately caused injuries to Plaintiff, which resulted in the damages detailed below.

37.     Defendant Wen Zhang's grossly negligent conduct proximately caused the injuries and resulting damages complained of herein by Plaintiff. As a result of such gross negligence of Defendant Wen Zhang, Plaintiff is entitled to an award of exemplary damages.

**C.     NEGLIGENCE *PER SE***

38.     Plaintiff incorporates by reference all other paragraphs of this petition as if fully set forth herein.

39. The collision which resulted in Plaintiff's injuries and damages described herein, was the proximate consequence of the following acts and omissions of Defendant Zhang, and said acts and omissions as described below, constitutes negligence *per se*:

   a. Failing to maintain an assured clear distance between his vehicle and Plaintiff's vehicle. Tex. Transp. Code § §545.062;

   b. Turning his vehicle from a direct course unsafely in violation of Tex. Transp. Code § 545.103;

   c. Failing to drive entirely within a single lane until movement from the lane can be made safely in violation of Tex. Transp. Code § 545.060(a);

   d. Failing to control his speed as necessary to avoid colliding with another vehicle in violation of Tex. Transp. Code § 545.351;

   e. Driving his vehicle recklessly in violation of Tex. Transp. Code § 545.401;

   f. Operating a vehicle while in a condition likely to cause a collision in violation of 49 C.F.R. § 396.7;

   g. Operating a commercial motor vehicle in violation of FMCSR Part 392.6 (49 CFR § 392.6);

   h. Operating a commercial motor vehicle in violation of FMCSR Part 392.14 (49 CFR § 392.14);

   i. Operating his commercial motor vehicle out of his lane of traffic when it was unsafe to do so in violation of TEX. TRANS. CODE § 545.060(a)(2);

   j. Failing to use due care and control the speed of the vehicle as necessary to avoid colliding with another vehicle that is on the highway in violation of TEX. TRANS. CODE § 545.351(b)(2);

   k. Driving the vehicle recklessly with willful and wanton disregard for the safety of person or property in violation of TEX. TRANS. CODE § 545.401;

   l. Failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations found in the Texas Transportation Code being negligence *per se* in violation of 49 C.F.R. § 392.2; and

   m. Failing in the duty to demonstrate the skills required to operate a commercial motor vehicle as required by FMCSR 49 C.F.R. § 383.111.

40. At all times material to this cause of action, Plaintiff belonged to that class of persons for whom said statutes were enacted to protect. Plaintiff would also show that each one of the foregoing acts and/or omissions constituted negligence *per se*, and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the crash in question, and the injuries and damages suffered by Plaintiff as further described herein.

## VI.
## VICARIOUS LIABILITY

41. Defendant Zhang, who negligently operated Defendant FedEx's vehicle, was within the course and scope of his employment with Defendant FedEx. Because said employee was acting within the course and scope of his employment with Defendant FedEx, Plaintiff hereby invokes the common law doctrine of vicarious liability, and seeks to hold the master/employer liable for the acts and/or omissions of their servant/employee.

42. Each of these acts and/or omissions, whether taken singularly or in any combination, constitute negligence, and proximately caused the injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

## VII.
## RESPONDEAT SUPERIOR

43. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

44. Plaintiff would show that at the time of the incident that made the basis of this lawsuit, on or about April 4, 2017, Defendant FedEx's agent was engaged in the course and scope of his employment with Defendant FedEx and/or because the driver was FedEx's employee, agent, or servant. Therefore, Defendant FedEx is responsible and liable for the conduct of its employees based on the doctrine of Respondeat Superior and Apparent Agency

## VIII.
## DAMAGES

45. Plaintiff seeks all damages that are proper under Texas Law.

46. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the Court.

47. As a proximate result of the conduct of Defendants, Plaintiff suffered indescribable pain and anguish, both physically and mentally. This suit is brought Plaintiff to recover all damages provided by law, including but not limited to:

   a. Past and future physical pain and mental anguish;

   b. Past and future loss of earning capacity;

   c. Past and future lost wages;

   d. Past and future disfigurement;

   e. Past and future loss of enjoyment of life;

   f. Past and future medical expenses; and

   g. Past and future physical impairment.

## IX.
## EXEMPLARY DAMAGES

48. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

49. Defendants' conduct was more than momentary thoughtlessness, inadvertence, or error of judgment and was of such a character as to make the Defendants guilty of gross negligence. Defendants' acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of which the Defendants had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare

of others. Therefore, Plaintiff sues for the maximum amount of exemplary damages, pursuant to Texas Civil Practice and Remedies Code § 41.003, in the amount determined by the trier of fact.

## X.
## CONDITIONS PRECEDENT

50. All conditions precedent have been performed or have occurred.

## XI.
## JURY TRIAL DEMANDED

51. Plaintiff hereby demands a Jury Trial on all matters triable.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law, that this cause be set for trial before a jury, that Plaintiff recovers judgment of and from said Defendants, jointly and severally, for their actual damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with the costs of suit, pre-judgment interest and post judgment interest, and for all such other and further relief, both in equity and at law, to which Plaintiff may show that he is justly entitled.

Respectfully submitted,

HILLIARD MARTINEZ GONZALES LLP

By: /s/ Marion M. Reilly
State Bar No. 09677700
Federal Id. No. 1357491
marion@hmglawfirm.com
Alexander Hilliard (*pro hac vice pending*)
State Bar No. 24099145
alex@hmglawfirm.com

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No.: 361.882.1612

Facsimile No.: 361.882.3015

**\*<u>HMGService@hmglawfirm.com</u>**
**\*Email for service of pleadings**

-And-

**D. MILLER & ASSOCIATES, PLLC**
Darren Miller
State Bar No. 24007678
darren@dmillerlaw.com
Ramesh Raghuthaman
State Bar No. 24046675
ramesh@dmillerlaw.com

2610 W Sam Houston Pwky S #200
Houston, Texas 77042
Telephone No.: (713) 850-8600
Facsimile No.: (713) 467-0306
Service E-Mail: internet@dmillerlaw.com

**ATTORNEYS FOR PLAINTIFF**