IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **GERARDO MEDINA IZAGUIRRE,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | EP-21-CV-00148-RFC |
| **FEDEX GROUND PACKAGE SYSTEM, INC., WEN ZHANG, and EAGLE EXPRESS, INC.,** | § § § § § | |
| Defendants. | § § | |

## ORDER

On this day, the Court considered Plaintiff's ("Izaguirre") "Response to Order to Show Cause and Motion for Service by Alternative Means" ("Motion"). (ECF No. 61.) On October 21, 2022, the Court ordered Izaguirre to show cause as to why the Court should not dismiss without prejudice his claims against Defendant Vlad and Brother Corp. d/b/a Alliance Freightlines ("Alliance") after Izaguirre failed to submit proof of executed service for Alliance, and Alliance otherwise failed to appear, within the time prescribed by Federal Rule of Civil Procedure 4(m). (ECF No. 59.) On October 28, 2022, Izaguirre filed the instant Motion (ECF No. 61) and a request for issuance of summons (ECF No. 60). The Court finds that Izaguirre's Motion satisfies the Court's Order to Show Cause. Additionally, for the following reasons, the Court finds that Izaguirre's Motion should be **GRANTED IN PART** and **DENIED IN PART**.

Izaguirre makes three requests in his Motion. First, he asks for additional time to serve Alliance. (ECF No. 61:1.) Second, he asks for service to be made by the United States Marshal. (*Id.*) Finally, in addition, Izaguirre asks for permission to complete "alternative service by delivery to Defendant's legal counsel . . . in addition to publication." (*Id.* at 2.) In support of his Motion,

1

Izaguirre attached an "Affidavit of Non Service" ("Affidavit"), in which a private process server describes six unsuccessful attempts to personally serve Alliance, through its registered agent, at 1742 Tanager Way, Long Grove, IL 60047, between July 2, 2022, and July 12, 2022.  (ECF No. 61-1); *see* (ECF No. 45.)

Izaguirre may serve a corporation by delivering the summons and complaint to an authorized corporate officer or agent, or by otherwise serving in accordance with the law of the state "where the district court is located or where service is made."  Fed. R. Civ. P. 4(e)(1); *see* Fed. R. Civ. P. 4(h)(1).  Here, Izaguirre invokes the law of Illinois, where service is being made. *See* (ECF Nos. 60; 61:2.)  Illinois law provides that

> [a] private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of the corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. A private corporation may also be notified by publication and mail in like manner and with like effect as individuals.

735 Ill. Comp. Stat. 5/2-204; *see also* 735 Ill. Comp. Stat. 5/2-206 (regarding service by publication).

Illinois courts view service by publication as "an extraordinary means of serving notice," perhaps the "least satisfactory method" that amounts to "no notice at all."  *Concord Air, Inc. v. Malarz*, 2015 IL App (2d) 140639, ¶ 34 (quoting *Pub. Taxi Serv., Inc. v. Ayrton*, 304 N.E.2d 733, 739 (Ill. App. Ct. 1973)).  Accordingly, a party wishing to serve by publication must show "strict compliance with every requirement of the statute, including due diligence and due inquiry." *Deutsche Bank Nat'l Tr. Co. as Tr. for GSAAHET 2006-17 v. Osinski*, 2021 IL App (1st) 191669-U, ¶ 31 (quoting *TCF Nat'l Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 30).  The party must do so by (1) "diligently . . . inquiring about the various possible locations of the defendant through, for example, searches of public records and databases," (2) "diligently perform[ing] service

2

attempts based upon those searches and results," and (3) describing those efforts in the party's affidavit for service by publication. *Id.* ¶ 33.

Additionally, "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).[1] "Although 'discretionary' service by marshal is typically for situations involving hostile defendants, courts may allow its use in other circumstances." 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. 2022); *see* Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment. Courts often require plaintiffs to show exhaustion of other methods of service before ordering service by U.S. Marshal. *See Vela v. Christian*, No. 3:20-CV-990-C-BH, 2021 WL 101538, at *1 (N.D. Tex. Jan. 12, 2021) (collecting cases).

Considering Izaguirre's previous attempts to serve Alliance, the Court finds good cause for an extension of time to complete service. *See* Fed. R. Civ. P. 4(m); *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). However, the Court finds that service by publication or by U.S. Marshal is not warranted at this time. First, Izaguirre's Motion and the attached Affidavit do not make clear that Izaguirre strictly complied with the Illinois statute regarding service by publication. *Osinski*, 2021 IL App (1st) 191669-U, ¶¶ 31, 33. Specifically, while the Affidavit reflects diligent efforts to serve Alliance at 1742 Tanager Way, Long Grove, IL 60047, it does not indicate that Izaguirre made diligent efforts to confirm that address to be the only location at which he could serve Alliance.[2] *See* (ECF No. 61-1); *Bank of N.Y. v. Unknown*

---

[1] Federal Rule of Civil Procedure 4(c)(3) mandates court-ordered service by U.S. Marshal or special appointment in cases brought *in forma pauperis* or by a seaman, but neither condition applies in this case.

[2] The Affidavit indicates that on July 5, 2022, the process server taped a notice to the door, and by July 10, 2022, the notice was missing. (ECF No. 61-1.) However, Izaguirre has not provided any evidence to explain what happened to that notice, i.e., whether it was received by a person authorized to accept service on Alliance's behalf. *See Shumway v. Gurnee Prop. Mgmt., Inc.*, No. 20-cv-7181, 2022 WL 1211507, at *3 (N.D. Ill. Apr. 25, 2022) (citing Fed. R. Civ. P. 4(h)(1)(B); 735 Ill. Comp. Stat. 5/2-204).

*Heirs & Legatees*, 860 N.E.2d 1113, 1117 (Ill. App. Ct. 2006) (noting that the Illinois service by publication statute "require[s] an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit").

Regarding service by U.S. Marshal, the Motion and Affidavit do not indicate that Izaguirre has exhausted the reasonable methods of private service available under Federal Rule of Civil Procedure 4(h).  *See* (ECF No. 61-1); *Vela*, 2021 WL 101538, at *1; *Matthews v. Int'l House of Pancakes, Inc.*, No. CV 08-3595, 2008 WL 11354946, at *2 (E.D. La. Nov. 10, 2008).  Nor do they state that service by U.S. Marshal is needed for safety reasons.  *See* Fed. R. Civ. P. 4(c) advisory committee's note to 1993 amendment; *Matthews*, 2008 WL 11354946, at *2.

As for Izaguirre's request to serve "by delivery to Defendant's legal counsel," Plaintiff has not shown that the named counsel is authorized to accept service for Alliance.  (ECF No. 61:2); *see Chalmers v. City of Dallas*, 3:14-cv-36-N, 2014 WL 1778192, at *2 (N.D. Tex. May 5, 2014).

Accordingly, **IT IS ORDERED** that Plaintiff's Response to Order to Show Cause and Motion for Service by Alternative Means (ECF No. 61) is **GRANTED IN PART** and **DENIED IN PART**.  Specifically:

- Plaintiff's request for additional time to complete service under Federal Rule of Civil Procedure 4(m) is **GRANTED**.  Plaintiff shall effectuate service on or before **December 21, 2022**.  The Clerk of the Court **SHALL ISSUE** summons as requested by Plaintiff on October 28, 2022.  (ECF No. 60.)

- Plaintiff's request for service by United States Marshal under Federal Rule of Civil Procedure 4(c)(3) is **DENIED WITHOUT PREJUDICE**.

- Plaintiff's request for service by alternative means is **DENIED WITHOUT PREJUDICE**.

4

**SO ORDERED** and **SIGNED** this 21st day of November, 2022.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**